The Honorable Richard L. Barclay State Representative P.O. Box 279 212 South Third Street Rogers, AR 72757
Dear Representative Barclay:
This is in response to your request for an opinion concerning operating money for the assessors' and collectors' offices. Specifically, you have asked whether surplus funds in the commission accounts at the end of the year can be carried forward into the following year so as to provide operating revenue for the first quarter, and whether they can be distributed to the taxing units after that quarter.
Although current Arkansas statutes do not conclusively resolve the question, it is my opinion that the surplus funds cannot be carried forward in this manner.
Three statutes control the question. The first is A.C.A.14-21-103 which provides for the establishment of a county salary fund. The statute provides for the disposition of any year end surplus funds by stating:
 (b)(1) After salaries, deputy hire, and other expenses of the respective county officers and offices shall have been paid from their respective accounts within the fund for each calendar year, any surplus remaining in any such account at the end of each calendar year shall be distributed as follows:
 (E) The balance in the account established for the support of the county tax collector's office shall be distributed pro rata to the respective taxing units in the proportions that the total commissions from each of the taxing units relate to the total of all such commissions collected by the county tax collector.
Subsection (E) above applies only to the county collector. In addition to the above statute, A.C.A. 14-21-106 also provides for the disposition of surplus funds. That statute provides:
 When any surplus is left remaining unexpended and unappropriated in the county general fund, the county road fund, the school fund, or any other special fund provided by law from any previous year, the county court of any such county is authorized, by proper order made and entered, to transfer and add the surplus to the respective funds of which the surplus remains unexpended and use it as the revenues for the current fiscal year into which it is transferred and added if all outstanding indebtedness for the fiscal years in which the surplus accrued has been paid.
It appears clear that a third statute, A.C.A. 14-15-204, provides a solution with respect to the funding of the county assessor. It may be concluded following a review of 14-15-204 that the carry over of funds provided for in 14-21-106 was not intended to apply to surplus funds in an account established for support of the county assessor. Section 14-15-204 provides for the filing of claims by the county assessor for salaries and expenses, and provides in subsection (2) that:
 (2) In order to facilitate the payment of salaries and expenses, the county court may, by order duly entered, authorize and direct the county treasurer to make advance transfers from the collector's unapportioned fund, or the county general fund, to the county assessor's fund, with advances to be repaid at the time of making final settlement of amounts due to the county assessor's fund.
It appears clear that the mechanism for acquiring sufficient operating funds for the assessor's office when funds are otherwise unavailable is the authorization by the county court of an advance payment, and that the carry over of excess funds to achieve this purpose is unauthorized.
With respect to the county collector, however, the issue is less easily resolved. It is unclear from the statutes whether14-21-106 was intended to apply to the commission accounts or to the county salary fund. The statute does reference "any other special fund provided by law," which would seem to include the county salary fund. However, the statute also permits using the surplus funds as revenues for the next fiscal year. This is contrary to the requirement found in 14-21-103(E) that surplus funds in the collector's portion of the county salary fund are to be distributed to the taxing units. That provision does not authorize the surplus to be retained and used as revenue. Bearing in mind the precept that the more specific statute controls the general, Brown Root, Inc., v. Hemstead County Sand Gravel, Inc., 767 F.2d 464 (8th Cir. 1985), it must be concluded that14-21-103(E) governs if a county has established a county salary fund for the county collector; and because under that provision the balance in the account is to be distributed to the taxing units, there is no surplus which would ever remain to be carried over into the next year.
If, however, no county salary fund has been established, and the expenses of the collector are paid from the commission accounts or any account which might be deemed to be a "special fund provided by law" under 14-21-106, then a plausible argument exists that any surplus could be carried over pursuant to that Code provision.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.